**Patrick Jeffry TAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–75503.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 25, 2010.

Vicky Dobrin, Hilary A. Han, Dobrin & Han, PC, Seattle, WA, for Petitioner.

John P. Devaney, Carol Federighi, Melissa Leibman, James A. Hunolt, Lyle D. Jentzer, Edward E. Wiggers, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Patrick Jeffry Tan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dis-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

missing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 n. 4 (9th Cir.2003), and we deny the petition for review.

The IJ denied Tan's asylum application claim as time-barred. Tan does not challenge this finding in his opening brief.

Substantial evidence supports the IJ's finding that Tan failed to establish the harms he experienced on account of his homosexuality, Chinese ethnicity and Christian religion, even considered cumulatively, amounted to past persecution. *See id.* at 1182. Substantial evidence also supports the IJ's finding that Tan failed to demonstrate a clear probability of future persecution because, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to him, he did not establish the requisite individualized risk of persecution. *See Hoxha,* 319 F.3d at 1184–85. Accordingly, Tan's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**